UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, JR., | CASE No.   1:11-cv-1135-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| | (ECF No. 1) |
| v. | |
| E. JEAN PIERRE, | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendant. | |

Plaintiff Ivan Ray Carter, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

Plaintiff initiated this action on July 11, 2011. (Compl., ECF No. 1.) No other parties have appeared in this action. Plaintiff's Complaint is now before the Court for screening.

I.     **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

-1-

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

## II.     SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran, California ("CSATF"), where the events at issue in his Complaint occurred.  Plaintiff brings this action for retaliatory acts in violation of the First Amendment and inadequate medical care under the Eighth Amendment against E. Jean Pierre, a physician's assistant on CSATF's C-Yard.

Plaintiff alleges as follows:

In March 2011, Plaintiff saw Defendant Pierre regarding chronic pain in his right finger, wrist, shoulder, and elbow.  (Compl. at 3.)  Defendant Pierre was aware that Plaintiff's right wrist and elbow had "gone out" before.  (Id.)  Defendant Pierre stopped Plaintiff's treatment and did not prescribe him pain medication.  (Id.)  Plaintiff has been in

1  chronic pain without any treatment from February 3, 2011 to the present. (Id.)

2  After the March 2011 appointment, Plaintiff filed three 602s regarding his pain and
3  the near-injury he suffered from almost falling off his bunk when his wrist and elbow "went
4  out". (Compl. at 4.) Plaintiff did not receive any response to his 602s. (Id.) Plaintiff filed
5  a claim in small claims court against Defendant Pierre regarding his inadequate medical
6  care. (Id.)[1]

7  Plaintiff was seen by Defendant Pierre on June 9, 2011. (Compl. at 4.) Defendant
8  Pierre told Plaintiff "You are the one that filed the lawsuit" and "get out of my office, do you
9  know I run shit here." (Id.)

10  Plaintiff turned in another CDC 7362 on June 16, 2011 and again did not receive a
11  response. (Compl. at 4.) He also filed 602s regarding Defendant Pierre on June 9 and 29,
12  2011. (Id. at 4-5.) Plaintiff again did not receive any proper response. (Id.)

13  Plaintiff asks for declaratory relief, $100,000 in compensatory damages, and
14  $100,000 in punitive damages. (Compl. at 3.)

## III.  ANALYSIS

### A.  Section 1983 Analysis

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865 (1989).

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

---

[1] If Plaintiff chooses to file an amended complaint, he shall advise the Court with information regarding the status of this case.

1245 (9th Cir. 1987).

### B.     Eighth Amendment - Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff has alleged a serious medical condition. Plaintiff alleges he had chronic pain in his right arm over a long period of time. This is sufficient to show a serious medical condition.

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has not alleged sufficient facts to satisfy this prong. Plaintiff complains that Defendant Pierre did not treat him the way Plaintiff wanted and did not provide the type of

medication Plaintiff sought.  This describes a difference of opinion as to appropriate treatment or, at most, negligent treatment by Defendant.  It does not identify any action or inaction by Defendant that would warrant a finding of deliberate indifference.

Plaintiff has failed to allege sufficient facts to state a cognizable Eighth Amendment inadequate medical care claim.  Plaintiff will be given leave to amend.  Plaintiff should review the standards set forth above and include additional facts in his amended complaint about what Defendant said he was doing and why he was doing it and/or why he was not treating Plaintiff in the manner Plaintiff desired.  He should describe the harm, if any, caused by the lack of treatment.

**C.    Retaliation**

Plaintiff claims that Defendant Pierre retaliated against him because he filed grievances against him.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The Court cannot determine if Plaintiff had an action taken against him that could be considered "adverse".  Plaintiff alleges Defendant Pierre insulted Plaintiff and had him escorted out of the medical clinic.  Plaintiff does not explain if there were events leading up to Defendant Pierre removing him from the office or if he was able to obtain medical treatment during the visit.  Plaintiff will be given leave to amend this claim.  Since it is unclear whether Plaintiff has stated an adverse action, Plaintiff should provide additional details as to why Defendant Pierre's actions should be considered adverse for retaliation purposes.

The second element of a prisoner retaliation claim focuses on causation and motive.  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his

protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Plaintiff has directly linked Defendant Pierre's actions to Plaintiff's grievances. Plaintiff alleges that Defendant Pierre realized that Plaintiff had filed grievances against him and had him removed from the medical office.

Filing a grievance is protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has alleged that he filed grievances against Defendant Pierre. This constitutes conduct protected under the First Amendment. Plaintiff has alleged sufficient facts to satisfy this third prong.

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). The Court cannot determine if Defendant Pierre's actions would have silenced a person of ordinary firmness. Plaintiff should provide additional details of this June 2011 interaction with Defendant Pierre. In his amended complaint, Plaintiff should explain why he went to the medical office, whether Defendant Pierre treated him prior to having him removed, and whether there were any events other than Plaintiff's grievances that could have prompted

Plaintiff's removal from the medical clinic.

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Though this is not a high burden, see id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry), Plaintiff has not alleged facts to show that Defendant Pierre had no legitimate penological motivation for his actions. Plaintiff needs to describe in more detail the surrounding circumstances to enable the Court to determine if Plaintiff has satisfied the fifth prong of a retaliation claim.

Plaintiff has failed to state a retaliation claim under the First Amendment. He will be given leave to amend this claim. Plaintiff should review the standards for such a claim and the deficiencies the Court points to in this order prior to filing his amended complaint.

## IV. CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are

not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Complaint, filed July 11, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   July 30, 2012             /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE