UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER,<br><br>            Plaintiff,<br><br>      v.<br><br>E. JEAN PIERRE,<br><br>            Defendant.<br>_____/ | CASE NO. 1:11-cv-1135-MJS (PC)<br><br>ORDER DENYING MISCELLANEOUS MOTIONS<br><br>(ECF Nos. 6, 7, 8, 9, 10, & 12) |

     Plaintiff Ivan Ray Carter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

     Plaintiff initiated this action on July 11, 2011. (ECF No. 1.)

     Plaintiff has filed the following six motions on the dates indicated:

          January 11, 2012, motion for case status (ECF No. 6);

          February 23, 2012, motion for submitting the final decision on his 602 (ECF No. 7) (taken as a motion to supplement the Complaint);

          June 15, 2012, motion for service (ECF No. 8);

          July 18, 2012, motion for a summons (ECF No. 9);

          July 18, 2012 motion to have the case assigned to a District Judge (ECF No. 10) (taken as a motion to withdraw consent); and

          July 20, 2012, another motion for case status. (ECF No. 12.)

1    These motions are now before the Court.

## I.    MOTIONS FOR CASE STATUS

Plaintiff asks that the Court provide him with an update of the status of his case. (ECF Nos. 6 & 12.)

Plaintiff's motions for status are hereby GRANTED. The Court ORDERS the Office of the Clerk to send Plaintiff a copy of the docket sheet in this matter. That, together with the information provided below, will inform Plaintiff as to the status of this case.

## II.    MOTION TO SUPPLEMENT THE COMPLAINT

Plaintiff asks for permission to supplement his Complaint with information regarding exhaustion of administrative appeals. (ECF No. 7.)

Since Plaintiff has filed this motion, the Court screened and dismissed Plaintiff's Complaint with leave to amend for failure to state a claim. (ECF No. 11.) Plaintiff filed a First Amended Complaint on August 24, 2012. (ECF No. 13.)

Accordingly, because Plaintiff was given the opportunity to include the supplemental information in his amended pleading, Plaintiff's motion is DENIED.

## III.   MOTIONS FOR SERVICE

Plaintiff asks that the Court order service on Defendants. (ECF Nos. 8 & 9.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or employee of a governmental entity. 28 U.S.C. § 1915(A)(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court screens complaints in the order in which they are filed. However, there are hundreds of prisoner civil rights cases presently pending before the Court. Delays are inevitable despite the Court's best efforts.

The Court dismissed Plaintiff's Complaint with leave to amend for failure to state a claim. (ECF No. 11.) Plaintiff has filed a First Amended Complaint. (ECF No. 13.) Only if the Court, after screening, finds that Plaintiff's First Amended Complaint states a

1 cognizable claim will the Court order service on Defendants.

2     Accordingly, Plaintiff's motions for service are DENIED.

**IV.   MOTION TO REVOKE CONSENT**

Plaintiff has filed a motion requesting that a District Judge be assigned to this case, . (ECF No. 10.)

On July 21, 2011, Plaintiff consented in writing to Magistrate Judge jurisdiction. (ECF No. 5.) Once a civil case is referred to a Magistrate Judge under 28 U.S.C. § 636(c), the reference can be withdrawn only "for good cause shown, on its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(b).

Plaintiff has failed to demonstrate good cause or extraordinary circumstances. Plaintiff merely states that he wishes to have a District Judge assigned to this case not why or how there might be good cause or extraordinary circumstances to justify withdrawal of his consent to Magistrate Judge jurisdiction.

For these reasons, Plaintiff's motion to withdraw consent is DENIED.

**V.   GENERAL INFORMATION**

Plaintiff's multiple motions reflect dissatisfaction that his case has not moved forward. As noted, the case can not move forward until the Court determines that Plaintiff has brought a cognizable claim. The Court will screen Plaintiff's First Amended Complaint at the earliest opportunity to see if it can move forward. In doing so it must defer to the large number of cases which came before it in time.

To the extent Plaintiff sought to withdraw consent to Magistrate Judge jurisdiction in hopes of expediting handling of his case, he is advised that even cases assigned to District Judges are first screened by Magistrate Judges, and that in any event, District Judges have even heavier workloads than Magistrate Judges.

Finally, while the Court has no desire to inhibit a party from using all available legal procedures necessary to assert and protect rights, Plaintiff should be aware that, for the reasons set forth, his motions will not enable the Court to move the case forward faster,

1  and having to address and rule on motions deprives the Court of time it could otherwise
2  devote to screening cases, including Plaintiff's.
3
4  IT IS SO ORDERED.
5  Dated:    August 30, 2012                    /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE