IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, JR., | 1:11-cv-01135-MJS (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO PRODUCE DISCOVERY DOCUMENTS AND DENYING MOTIONS FOR INFORMATION AND FOR AN EXPERT WITNESS |
| v. | |
| E. JEAN PIERRE, | |
| Defendant. | (ECF Nos. 25, 27, 29) |
| | 30-DAY DEADLINE |
| _____/ | |

Plaintiff Ivan Ray Carter, Jr. ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

On March 18, 2013, Plaintiff filed a motion to extend time to submit discovery documents. (ECF No. 25.) On the same day, Plaintiff filed a motion asking the Court to inquire whether or not Defendant Pierre had received the materials Plaintiff had produced in the course of discovery. (ECF No. 27.) On April 11, 2013, Plaintiff filed a motion asking that the Court appoint a doctor to help Plaintiff prosecute his case. (ECF No. 29.) Plaintiff's motions are deemed submitted pursuant to Local Rule 230(l).

///

1

### I. MOTION FOR EXTENSION OF TIME

Good cause having been presented to the Court, Plaintiff's motion to extend time to submit discovery documents is GRANTED. (ECF No. 25.) Plaintiff is granted thirty (30) days from the date of service of this order in which to submit discovery documents.

### II. MOTION FOR DISCOVERY INFORMATION

Plaintiff has not raised any discovery issue appropriate for the Court's consideration at this time. Discovery is self-effectuating; there is no need for Court involvement in the discovery process unless there is a dispute legitimately presented to the Court via authorized law and motion activity.

Here, Plaintiff may directly inquire of Defendant Pierre whether specified materials were received. It is likely Defendant Pierre would notify Plaintiff if discovery had not been complied with.

In any event, for the reasons noted, Plaintiff's motion for discovery information is DENIED. (ECF No. 27.)

### III. MOTION FOR THE APPOINTMENT OF AN EXPERT WITNESS

Plaintiff's motion requesting the appointment of a medical doctor in this action is interpreted as a motion seeking the appointment of an expert witness.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise," Fed. R. Evid. 702, and the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). However, at this early stage in the proceedings, there are no pending matters in which the Court requires special assistance, Ford ex rel.

Ford, 291 F.3d at 1090; Walker, 180 F.3d at 1071, and Plaintiff's pro se, in forma pauperis status alone is not grounds for the appointment of an expert witness to assist Plaintiff with his case.

Accordingly, Plaintiff's motion for the appointment of an expert witness is HEREBY DENIED as premature.  (ECF No. 29.)

IT IS SO ORDERED.

Dated: May 20, 2013         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE