# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN RAY CARTER, JR., | Case No. 1:11-cv-01135-MJS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR RECONSIDERATION |
| v. | |
| E. JEAN PIERRE, | ECF Nos. 31 & 36 |
| Defendant. | |

Plaintiff Ivan Ray Carter, Jr. ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 5 & 35.)

On May 1, 2013, Plaintiff filed a motion asking the Court to direct Defendant Pierre to respond to Plaintiff's interrogatories. (ECF No. 31.) On July 1, 2013, Plaintiff filed an objection (taken as a request for reconsideration) to the Court's screening order dismissing certain of Plaintiff's claims. (ECF No. 36.) Defendant Pierre has not responded to either motion. Pursuant to Local Rule 230(*l*), Plaintiff's motions are now ready for ruling.

I. **MOTION TO COMPEL**

The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v.

Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011); Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  Parties are obligated to respond to interrogatories to the

fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff's motion to compel is incomplete. Initially, he simply asked the Court to direct Defendant Pierre to respond to unidentified interrogatories. (ECF No. 31.) Plaintiff later supplemented his motion with a list of interrogatory responses he objected to and the reasons why he did not approve of the responses. (ECF No. 32.) However, Plaintiff has not provided the Court with a copy of the original interrogatories or Defendant Pierre's responses. Nor has Plaintiff provided the Court with any statement as to why and how the information he has requested from Defendant Pierre is discoverable. Without this information the Court cannot evaluate the responses or the motion.

Accordingly, Plaintiff's motion is DENIED without prejudice to his refiling it with all the necessary information in one filing.

**II.     MOTION FOR RECONSIDERATION**

Plaintiff has also filed a motion asking the Court to amend that portion of its screening order dismissing Plaintiff's Eighth Amendment claim relating to a March 9, 2011 visit to Defendant Pierre. (ECF No. 36.)

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.

3

Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The moving party must demonstrate both injury and circumstances beyond his control.  Id. (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff simply disagrees with the Court's decision and seeks reconsideration of the screening order, specifically the Court's dismissal of Plaintiff's claims related to his March 9, 2011 visit to Defendant Pierre.  In screening Plaintiff's amended complaint, the Court carefully considered Plaintiff's allegations, construed the allegations liberally in light of Plaintiff's pro se prisoner status, and explained in a detailed order why the First Amended Complaint failed to state a claim under section 1983 for violation of the Eighth Amendment in connection with the March 9, 2011 medical visit.  (ECF No. 15.)  In addition, Plaintiff was previously notified of the deficiencies in his claims and given leave to amend.  (ECF No. 11.)  Thus, this was not a situation in which Plaintiff was deprived of notice and an opportunity to amend.

Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances.  Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule

4

60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices). Plaintiff's dissatisfaction with the Court's decision is not grounds for reconsideration.

Accordingly, Plaintiff's motion for reconsideration (ECF No. 36) is DENIED.

IT IS SO ORDERED.

Dated:   September 25, 2013         /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE